IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-12-405 |
| | * | |
| DAVID BARNES | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM

David Barnes is a federal prisoner, currently incarcerated at Duluth FPC, serving a 180-month sentence for drug trafficking. Now pending is Barnes's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECFs 27, 31). Barnes seeks relief based on underlying health conditions making him particularly susceptible to serious illness related to COVID-19. (ECF 31). The government opposes the motion, (ECF 32), and Barnes has replied, (ECF 35). For the reasons explained below, the motion will be denied.

## BACKGROUND

In 2010, Barnes sold 52 grams of cocaine base to a confidential source working with the Drug Enforcement Administration and the Washington County Narcotics Task Force (WNTF). (ECF 6 [Plea Agreement] at 4). Between August and November 2011, Barnes was a member of a conspiracy to distribute cocaine and cocaine base. (*Id.*). On November 22, 2011 the WNTF executed a search warrant at a residence in Hagerstown, Maryland. Inside the residence, officers located Barnes, and recovered a loaded semi-automatic handgun and 28 grams of cocaine base. (*Id.*). As part of his plea, Barnes admitted that it was foreseeable to him that at least two kilograms of cocaine but less than 3.5 kilograms of cocaine would be distributed during the course of and in furtherance of the conspiracy. (*Id.*).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce

1

a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act was enacted, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

The government does not contest that Barnes's motion is properly before the court. (ECF 32 at 3). The only issues are (1) whether "extraordinary and compelling reasons" warrant the reduction of Barnes's sentence and (2) if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

## DISCUSSION

Under 28 U.S.C. § 994(t), the United States Sentencing Commission is responsible for defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). According to the Commission's Policy Statement, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over sixty-five years old, has failing health, and has served at least ten years or seventy-five percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other

reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, 452 F. Supp. 3d 320, 323–324 (D. Md. 2020) (citing cases).

Barnes argues that his risk of developing serious illness related to COVID-19 due to his underlying medical conditions (asthma and a history of hypertension) constitutes an "extraordinary and compelling reason" to reduce his sentence. (ECF 31 at 5–8). The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's risk of severe illness related to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Oct. 16, 2020). The CDC distinguishes between those conditions where available data is strong enough and consistent enough to indicate that individuals with the condition "are at increased risk" (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition "might be at an increased risk" (e.g., type 1 diabetes). *Id.* Asthma and hypertension (high blood pressure) are in the latter group. *Id.*

The court is not persuaded that Barnes's underlying medical conditions rise to the level of an "extraordinary and compelling reason" warranting a sentence reduction. Barnes and the government dispute the severity of Barnes's asthma, with the government characterizing it as "mild" (ECF 32 at 17) and Barnes arguing that it is severe when triggered. (ECF 35 at 6). Even assuming Barnes's asthma can be characterized as severe, the parties agree that it is triggered by seasonal allergies. Barnes's medical records indicate he has been prescribed an inhaler, and has been consistently

treated for and is managing his seasonal allergies, consistent with the CDC's guidance for reducing the potential risk of severe illness from COVID-19 for asthma patients. (*See* ECF 31-1 at 2, 6; ECF 34 at 1–2). *See also Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Oct. 16, 2020) ("Actions to take: . . . Continue your current medicines, including any inhalers with steroids in them . . . . Avoid your asthma triggers."). Furthermore, it is unclear to the court whether Barnes is currently suffering from hypertension. Barnes's medical records indicate high blood pressure readings in April and May 2020, after five years of normal readings following a period in 2015 when Barnes was briefly prescribed medication for high blood pressure. (ECF 34 at 1–3; ECF 31-2 at 6–9). Despite these readings, BOP Health Services does not list hypertension as one of Barnes's "current" health problems. (ECF 34 at 25).

While the court does not doubt that Barnes's asthma and high blood pressure impact his life, the CDC's data collection shows that the evidence as to whether asthma and hypertension pose an increased risk of severe illness due to COVID-19 is, at this time, "mixed," *see Coronavirus Disease 2019 (COVID-19): Scientific Evidence for Conditions that Increase Risk of Severe Illness*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (updated Oct. 6, 2020), and there is reason to believe that Barnes's asthma triggers are being managed. Absent evidence of other underlying conditions that make Barnes particularly vulnerable to COVID-19, the court does not believe Barnes's asthma and possible hypertension are grounds for compassionate release. *See United States v. Bailey*, Crim. No. CCB-14-146, 2020 WL 4366340, at *2 (D. Md. Jul. 30, 2020); *United States v. Hicks*, Crim. No. JKB-18-252, 2020 WL 5076952, at *2 (D. Md. Aug. 27, 2020).[1]

---

[1] Unpublished opinions are cited for the persuasiveness of their reasoning rather than any precedential value.

The court acknowledges Barnes's concerns that the number of reported COVID-19 cases at Duluth FPC has recently increased. When Barnes made his motion in July, Duluth FPC had reported no current COVID-19 infections. (ECF 31 at 7). On October 23, 2020, Barnes informed his counsel that five inmates at Duluth FPC had recently tested positive for COVID-19. (*See* ECF 38). As of November 2, 2020, the BOP is reporting nineteen active COVID-19 infections at Duluth FPC. *See COVID-19: Coronavirus*, BOP, https://www.bop.gov/coronavirus/ (last accessed Nov. 2, 2020). But in light of the court's conclusion that Barnes's underlying conditions do not rise to the level of an "extraordinary and compelling reason" warranting a sentence reduction, the court also finds that the conditions at FPC Duluth do not provide grounds for Barnes's sentence to be reduced.[2]

## CONCLUSION

For the foregoing reasons, Barnes's motion for compassionate release (ECFs 27, 31) will be denied. The associated motions to seal (ECFs 33, 36) will be granted to protect the confidentiality of personal information. A separate order follows.


 _11/3/20_____                    _/S/_____
Date                                    Catherine C. Blake
                                        United States District Judge

---

[2] As no extraordinary and compelling reasons exist for a sentence reduction, the court need not address the 18 U.S.C. § 3553(a) factors.